IN THE COURT OF COMMON PLEAS
ROSS COUNTY, OHIO

TODD COLOPY )
P.O. Box 594 )
Kingston, Ohio 45644 ) CASE NO. 08 CI 349
 )
    Plaintiff, )
 ) JUDGE Corzine
    v. )
 )
PACCAR, INC. )
dba Kenworth Truck Company )
65 Kenworth Drive )
Chillicothe, Ohio 45601 ) **COMPLAINT WITH**
 ) **JURY DEMAND**
    Defendant. )

Plaintiff, Todd Colopy, hereby states his causes of action against defendant as follows:

### The Parties

1. Todd Colopy ("Colopy") is and was a resident of Kingston, Ohio at all times relevant to this Complaint.

2. PACCAR, Inc., ("PACCAR") is and was a corporation authorized to do business in the State of Ohio, with its principal place of business in Ross County, Ohio.

3. Kenworth Truck Company ("Kenworth") is a subsidiary of PACCAR, with its principal place of business in Ross County, Ohio.

### Facts Relevant to all Causes of Action

4. The previous paragraphs are incorporated as if fully rewritten here.

5. At all times relevant herein, Kenworth was an employer as defined in R.C. § 2745.01(D)(2).

6. At all times relevant herein, Colopy was an employee as defined in R.C. § 2745.01(D)(3).

7. On April 10, 2006, Colopy was working at Kenworth when he was required by Kenworth, through its owners, officers, managers, agents and/or supervisors, to work underneath a truck hood weighing approximately 350 pounds even though Kenworth knew:

   a. That numerous Kenworth employees had been injured by hoods falling off of the hood trim carts used to hold them;

   b. That a single hood trim cart was used to hold all truck hoods regardless of their size and weight;

   c. That the hood trim cart which held the hoods was not equipped with adequate safety brackets to catch hoods that fall forward;

   d. That Kenworth employees were not adequately trained in properly seating hoods on the trim carts; and

   e. That proper procedures for seating hoods on the trim carts were not posted.

8. On April 10, 2006, while working under a 350 pound truck hood installing pop rivets to the rubber matting, the truck hood fell off of the trim cart and struck Colopy on the head and neck.

9. At the time of the injury, Colopy was performing his job in a reasonable and prudent manner in the performance of his job and following the instructions as ordered by the owners, officers, managers, agents and/or supervisors of Kenworth.

## FIRST CAUSE OF ACTION
### Employer Intentional Tort

10. The previous paragraphs are incorporated as if fully rewritten here.

11. Before Colopy's injury, Kenworth, through its owners, officers, managers, agents and/or supervisors, had knowledge of the existence of a dangerous process, procedure, instrumentality, and/or condition within its business operation, demonstrated by its knowledge of, among other things, the facts set forth in paragraph 7 above.

12. Kenworth, through its owners, officers, managers, agents and/or supervisors, had knowledge that if Colopy was subjected to such dangerous process, procedure, instrumentality and/or condition, then harm to Colopy was a substantial certainty.

13. Kenworth, through its owners, officers, managers, agents and/or supervisors, despite knowledge of the dangerous process, procedure, instrumentality and/or condition set forth above, still required Colopy to work under the truck hood.

14. As set forth above, Kenworth, through its owners, officers, managers, agents and/or supervisors, deliberately and intentionally injured Colopy in violation of common law (*Fyffe v. Jeno's Inc.*, 59 Ohio St.3d 115 (1991)) and R.C. §2745.01.

## SECOND CAUSE OF ACTION
### Punitive Damages

15. The previous paragraphs are incorporated as if fully rewritten here.

16. The conduct of Kenworth, as set forth above, was malicious, constituted a conscious disregard for the rights and safety of other persons, had a great probability of causing substantial harm, and manifested a flagrant disregard for

safety of persons that might be harmed performing work under truck hoods, and Colopy is entitled to punitive damages.

### THIRD CAUSE OF ACTION
### Constitutionality

17. The previous paragraphs are incorporated as if fully rewritten here.

18. Plaintiff claims O.R.C. §§ 2125.02, 2305.10, 4123.93, 4123.931, 2307.75, 2307.71, 2307.711, 2307.80, 2315.01, 2315.18, 2315.19, 2315.21, and 2745.01 violate the Constitutions of the State of Ohio and of the United States of America, are against public policy, and should not be applied in any way to the proceedings in this matter as their application would be unconstitutional and against public policy.

WHEREFORE, plaintiff demands judgment against defendant for compensatory damages in excess of $25,000, plus court costs, attorney fees, and any other relief to which he is entitled on the premises herein.

WHEREFORE, plaintiff requests that this Court declare O.R.C. §§ 2125.02, 2305.10, 4123.93, 4123.931, 2307.75, 2307.71, 2307.711, 2307.80, 2315.01, 2315.18, 2315.19, 2315.21, and 2745.01 are unconstitutional and have no application to the proceedings in this matter, and award court costs, attorneys fees, and any other relief to which plaintiff is entitled on the premises herein.

Respectfully Submitted,

Eric B. Cameron (#0077365)
Robert M. Robinson (#0066439)
C. Russell Canestraro (#0061235)
**Agee, Clymer, Mitchell & Laret**
89 E. Nationwide Blvd., 2nd Floor
Columbus, Ohio 43215
(614) 221-3318
(614) 221-7308 Fax
Attorneys for Plaintiff

## JURY DEMAND

The Plaintiff demands a trial by jury of eight (8) jurors as to all issues contained herein.

Eric B. Cameron (#0077365)
Robert M. Robinson (#0066439)
C. Russell Canestraro (#0061235)
**Agee, Clymer, Mitchell & Laret**
89 E. Nationwide Blvd., 2nd Floor
Columbus, Ohio 43215
(614) 221-3318
(614) 221-7308 Fax
Attorneys for Plaintiff